IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

R.M. RAMIREZ and S.P. GORSLINE,

    *Plaintiffs*,

v.

UNITED STATES CITIZENSHIP and
IMMIGRATION SERVICES,

    *Defendant*.

Case No. 24-cv-4093-EFM-ADM

**MEMORANDUM AND ORDER**

Plaintiffs R.M. Ramirez and S.P. Gorsline filed suit against Defendant United States Citizenship and Immigration Services ("USCIS"). They challenge the USCIS's denial of Ramirez's Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485 adjustment application"). There are several pending motions before the Court. Plaintiffs' motions include a Motion for Recusal of Defense Counsel (Doc. 12), Motion to Quash (Doc. 26), and Motion for Order (Doc. 30). Defendant has filed two Motions to Dismiss (Docs. 17, 24). For the reasons stated below, the Court denies Plaintiffs' Motion for Recusal of Defense Counsel, denies Defendant's first Motion to Dismiss as moot, grants Defendant's second Motion to Dismiss, and denies Plaintiffs' remaining motions as moot.

## I. Factual and Procedural Background[1]

Plaintiff Ramirez came to the United States in 2010 and married a United States citizen, Ray Garcia, in 2011. Later, she filed a Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, identifying herself as a qualified VAWA (Violence Against Women Act of 1994) petitioner because she had endured domestic violence.[2] The USCIS approved Ramirez's petition in 2014. Plaintiffs allege that Ramirez was not notified that she was approved.

Ramirez subsequently filed a Form I-485 adjustment application on April 3, 2023.[3] Ramirez's interview was conducted on May 16, 2024. Gorsline attended the interview as Ramirez's interpreter. Plaintiff Gorsline is also Ramirez's common law spouse. The USCIS officer stopped the interview due to interpretation or communication issues.

Plaintiffs allege that there was confusion in the interview because of the USCIS officer's inability to understand Spanish. In addition, they allege that there was confusion and communication issues because the officer asked about the marital status between Ramirez and

---

[1] The facts are taken from Plaintiffs' Amended Complaint and the documents attached to Plaintiffs' Amended Complaint.

[2] An I-360 Form is used to classify an alien as "a VAWA self-petitioning spouse of an abusive U.S. citizen or lawful permanent resident." *See* I-360, Petition for Amerasian, Widow(er), or Special Immigrant, https://www.uscis.gov/i-360 (last visited April 15, 2025).
Generally, "[t]he family-based immigration process . . . requires U.S. citizens and lawful permanent residents to file a petition for their alien family members. Some petitioners may misuse the immigration process to further abuse their alien family members by threatening to withhold or withdraw the petition in order to control, coerce, and intimidate them." *See* USCIS, Abused Spouses, Children and Parents, https://www.uscis.gov/humanitarian/abused-spouses-children-and-parents (last visited April 15, 2025). The passage of the VAWA "provided aliens who have been abused by their U.S. citizen or lawful permanent resident relative the ability to independently petition for themselves (self-petition) for immigrant classification without the abuser's knowledge, consent, or participation in the immigration process. This allows victims to seek both safety and independence from their abusers." *Id.*

[3] Plaintiffs do not specifically state a date in the Amended Complaint, but the USCIS's decision letter attached to the Amended Complaint states that Ramirez filed her Form I-485 adjustment application on April 3, 2023. Under VAWA, an individual "may be eligible to become a lawful permanent resident (get a Green Card)" if the individual was a "victim of battery or extreme cruelty committed by . . . [a] U.S. citizen spouse or former spouse." *See* USCIS, Green Card for VAWA Self-Petitioner, https://www.uscis.gov/green-card/green-card-eligibility/green-card-for-vawa-self-petitioner (last visited April 15, 2025).

Gorsline. Plaintiffs also contend that the officer stated that the interview would be continued at a later date.

On August 27, 2024, the USCIS issued a decision denying Ramirez's Form I-485 adjustment application. The letter stated that although Ramirez was eligible for adjustment of status, the case also presented significant adverse factors showing that discretion should not be exercised in Ramirez's favor. Those factors included: (1) she could not answer questions in her own Spanish language, and her answers were inconsistent; (2) she could not understand the interpreter's (Gorsline) questions, even in her Spanish language; (3) the interpreter answered questions for Ramirez, even after the USCIS officer asked the interpreter to only ask the question in Spanish and let Ramirez respond in Spanish; and (4) she and the interpreter provided two different testimonies as to their relationship to each other. Thus, the letter concluded by stating that Ramirez's Form I-485 adjustment application was denied.[4]

Plaintiffs filed suit in September 2024, and they filed an Amended Complaint on December 31, 2024.[5] They assert that the USCIS abused its discretion and unlawfully denied Ramirez's Form I-485 adjustment application. Plaintiffs request that the Court order the USCIS to re-interview Plaintiff and allow Gorsline to assist in the interview as Ramirez's lawful spouse.

Defendant filed a Motion to Dismiss asserting that the Court lacks jurisdiction. Plaintiffs filed a response, as well as two additional motions related to the Motion to Dismiss. Plaintiffs also

---

[4] The Court notes that the denial letter states once that Ramirez is eligible for adjustment of status but that her case presents significant adverse factors showing that discretion should not be exercised in her favor. The letter, however, also states twice that Ramirez is not eligible for adjustment of status. Ultimately, her Form I-485 adjustment application was denied.

[5] Defendant filed a Motion to Dismiss (Doc. 17) prior to the filing of Plaintiffs' Amended Complaint. The filing of the Amended Complaint moots this Motion to Dismiss. Thus, the Court denies it as moot.

filed a Motion for Recusal of Defense Counsel. The Court will first address the "recusal" motion and then address Defendant's Motion to Dismiss.

## II. Plaintiffs' Motion for Recusal of Defense Counsel

As an initial matter, Plaintiffs filed a Motion for Recusal of Defense Counsel. They contend that the attorney representing the USCIS in this case is also the attorney that represented the USCIS and the United States Department of Homeland Security in a separate case that Plaintiff Ramirez previously filed in the District of Kansas.[6] Plaintiffs vaguely and generally allege bias and that there is an appearance of impropriety or impartiality. Plaintiffs' request has no merit as they provide no valid basis in law or fact for recusal of defense counsel. Furthermore, defense counsel represents the United States' interests, and thus counsel advocates for the USCIS. Accordingly, the Court denies Plaintiffs' Motion.

## III. Defendant's Motion to Dismiss

Plaintiffs contend that the USCIS issued a questionable denial decision and abused its discretion when denying Ramirez's Form I-485 adjustment application. Defendant argues that the case must be dismissed because the Court lacks jurisdiction over agency adjustment-of-status decision making pursuant to 8 U.S.C. § 1255(a)(2)(B)(i). Additionally, Defendant asserts that Gorsline lacks standing to challenge the USCIS's denial of Ramirez's adjustment application. The jurisdictional issue is dispositive.

### A. Legal Standard

Federal courts are courts of limited jurisdiction, and a presumption exists against exercising jurisdiction over a case.[7] The party asserting jurisdiction bears the burden of establishing its

---

[6] Case No. 24-cv-4012-HLT-ADM. A stipulation of dismissal with prejudice was entered in that case on March 21, 2024.

[7] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (citations omitted).

existence.[8] Thus, the Court may exercise jurisdiction only when specifically authorized to do so and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction.[9]

Generally, a Rule 12(b)(1) motion to dismiss takes one of two forms: a facial attack or a factual attack.[10] "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[11] In a factual attack, the moving party does not attack the sufficiency of the complaint but asserts that the Court lacks subject matter jurisdiction based on facts outside of the pleadings.[12] In that instance, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[13] When reviewing a factual attack, the Court "may not presume the truthfulness of the complaint's factual allegations."[14] Rather, the Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)" without needing to convert the motion to summary judgment.[15]

---

[8] *Id.*

[9] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (citation omitted).

[10] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

[11] *Id.* at 1002 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990)).

[12] *Id.* at 1003.

[13] *Id.*

[14] *Id.*

[15] *Id.*

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[16] A pro se litigant is entitled to a liberal construction of his pleadings.[17] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[18] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[19]

**B.    Analysis**

Defendant argues that 8 U.S.C. § 1252(a)(1)(B)(i) precludes this Court's jurisdiction and prohibits this Court's review of the Form I-485 adjustment application denial.

"The [Immigration and Nationality Act] grants authority to USCIS to adjust the status of a noncitizen to that of a lawful permanent resident."[20] Pursuant to 8 U.S.C. § 1255(a):

> The status of an alien who . . . [has] an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent resident if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.[21]

Congress, however, has limited judicial review on certain decisions. Specifically, 8 U.S.C. § 1252(a)(2)(B) provides:

---

[16] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[17] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *Id.*

[20] *Djong v. Mayorkas*, 2024 WL 5089985, at *3 (D. Colo. Dec. 12, 2024) (citing 8 U.S.C. § 1255(a)); *Hatchet v. Andrade*, 106 F.4th 574, 576 (6th Cir. 2024). *See also* 8 C.F.R. § 245.1(a).

[21] 8 U.S.C. § 1255(a).

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review*—(i) *any judgment regarding the granting of relief under section* 1182(h), 1182(i), 1229b, 1229c, or *1255 of this title*, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.[22]

In *Patel v. Garland*,[23] the United States Supreme Court addressed the impact of § 1252(a)(2)(B)(i) in the removal context. The plaintiff applied to the USCIS for an adjustment of status under § 1255(i) seeking to become a lawful permanent resident.[24] The USCIS denied his application because of a misrepresentation.[25] Several years later, the Department of Homeland Security started removal proceedings against the plaintiff for being unlawfully present in the United States.[26] The plaintiff then "sought relief from removal by repeating his request for discretionary adjustment to lawful permanent resident status" before an immigration judge.[27] The immigration judge made factual findings that the plaintiff's testimony was not credible, denied his adjustment application, and ordered deportation.[28] The plaintiff appealed to the Board of Immigration Appeals ("BIA") "which determined that the judge's factual findings were not clearly erroneous and dismissed the appeal."[29] Upon petition to the Eleventh Circuit for review of the BIA's decision, the Eleventh Circuit held that it "lacked jurisdiction to consider [the plaintiff's]

---

[22] 8 U.S.C. § 1252(a)(2)(B)(i)-(ii) (emphasis added).

[23] 596 U.S. 328 (2022).

[24] *Id.* at 333.

[25] *Id.*

[26] *Id.* at 334.

[27] *Id.*

[28] *Id.* at 334–35.

[29] *Id.* at 335.

claim because federal law prohibits judicial review of 'any judgment regarding the granting of relief' under § 1255,"[30] and "all factual determinations made as part of considering a request for discretionary relief fall within § 1252(a)(2)(B)(i)'s prohibition on judicial review."[31]

When reviewing the Eleventh Circuit's decision, the United States Supreme Court determined that § 1252(a)(2)(B)(i) "prohibits review of *any* judgment *regarding* the granting of relief under § 1255 and the other enumerated provisions."[32] The Supreme Court first stated that "the word 'any' has an expansive meaning,"[33] and it held that "'any' means that the provision applies to judgments 'of whatever kind' under § 1255, not just discretionary judgments or the last-in-time judgment."[34] In addition, the Supreme Court found that "the use of 'regarding'" had a "broadening effect."[35] Thus, it found that "§ 1252(a)(2)(B)(i) encompasses not just 'the granting of relief' but also any judgment *relating to* the granting of relief [which] plainly includes factual findings."[36] Accordingly, the Supreme Court held that the "jurisdiction-stripping statute" was broad and precluded judicial review.[37]

Although the Supreme Court did not specifically address in *Patel* whether § 1252(a)(2)(B)(i) precludes review of decisions other than removal decisions,[38] at least six Circuit

---

[30] *Id.* (quoting § 1252(a)(2)(B)(i)).

[31] *Id.* at 336 (citing *Patel v. U.S. Atty. Gen.*, 971 F.3d 1258, 1272–73 (11th Cir. 2020)).

[32] *Id.* at 338.

[33] *Id.* (quotation marks and citations omitted).

[34] *Id.* (citing *United States v. Gonzales*, 520 U.S. 1, 5 (1997)).

[35] *Id.* at 338–39.

[36] *Id.* at 339.

[37] *Id.* at 347.

[38] The Supreme Court noted the parties' argument that its interpretation may "have the unintended consequence of precluding all review of USCIS denials of discretionary relief" outside of the removal context and stated that "[t]he reviewability of such decisions is not before us, and we do not decide it." *Id.* at 345. The Supreme Court, however, then stated in dicta that "it is possible that Congress did, in fact, intend to close that door." *Id.*

Courts of Appeal have determined that the *Patel* decision bars review of the USCIS's adjustment decisions outside of the removal context.[39] As the Sixth Circuit noted in *Hatchet v. Andrade*, the logic in *Patel* "applies with equal force to review of USCIS discretionary-relief decisions made outside of the removal context."[40] And in *Momim v. Jaddou*, the Fifth Circuit stated, "[i]n light of the plain text of § 1252(a)(2)(B)(i) and the reasoning in *Patel*, every court of appeals to consider the question has held that the jurisdictional bar applies outside the removal context—including to USCIS denials of adjustment status."[41] Accordingly, these numerous decisions are persuasive that § 1252(a)(2)(B)(i) precludes a court's jurisdiction to review an adjustment decision by the USCIS.

Furthermore, prior to the *Patel* decision, the Tenth Circuit stated that "[t]he decision to grant or deny an adjustment of status pursuant to § 1255 is a discretionary one."[42] "By its plain language, § 1252(a)(2)(B)(i) bars judicial review of such a discretionary decision."[43] Thus, the Tenth Circuit concluded that it was without jurisdiction to review the plaintiff's challenge to the

---

[39] *Viana Guedes v. Mayorkas*, 123 F.4th 68, 71 (1st Cir. 2024) (concluding that the court plainly lacked jurisdiction to hear claims challenging the USCIS's denial of status-adjustment applications under § 1252(a)(2)(B)(i) and *Patel*); *Momin v. Jaddou*, 113 F.4th 552, 557–58 (5th Cir. 2024) (finding that the plain text of § 1252(a)(2)(B)(i) and the reasoning in *Patel* imposed a jurisdictional bar to agency-adjustment decisions even outside of the removal context); *Hatchet v. Andrade*, 106 F.4th 574, 580 (6th Cir. 2024) (determining that the court lacked subject matter jurisdiction because the reasoning in *Patel* with regard to § 1252(a)(2)(B)(i) "applies with equal force to review of USCIS discretionary-relief decisions made outside of the removal context"); *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1028–29 (7th Cir. 2023) (finding that "§ 1252(a)(2)(B)(i) operates to eliminate judicial review of the denial of an adjustment-of-status application by USCIS" and that the *Patel* decision "further supports the conclusion" and thus the court lacked jurisdiction to review denial of relief by the USCIS); *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, 2023 WL 2564856, *2 (11th Cir. Mar. 20, 2023) (per curiam) (concluding that the district court correctly found that it lacked subject matter jurisdiction under the plain text of § 1252(a)(2)(B)(i) and the reasoning of *Patel*); *Abuzeid v. Mayorkas*, 62 F.4th 578, 585–86 (D.C. Cir. 2023) (recognizing that its "interpretation of § 1252(a)(2)(B)(i) leaves no path for judicial review of denials of adjustment status by USCIS [but] [t]hat result is dictated by the plain meaning of the statute and by the reasoning of *Patel*" and dismissing for lack of jurisdiction).

[40] *Hatchet*, 106 F.4th at 580.

[41] *Momin*, 113 F.4th at 558 (collecting cases).

[42] *Thorn v. Gonzales*, 196 F. App'x 663, 665 (10th Cir. Sept. 13, 2006) (citing *Che-Li Shen v. INS*, 749 F.2d 1469, 1472 (10th Cir. 1984)).

[43] *Id.* (citing *Schroeck v. Gonzales*, 429 F.3d 947, 950 (10th Cir. 2005)).

immigration judge's denial of her Form I-485 adjustment application unless she presented a constitutional claim, which she did not.[44]

Here, Plaintiffs challenge the USCIS's decision denying Ramirez's Form I-485 adjustment application and contend that the USCIS's factfinding was flawed and erroneous. In addition, they allege that the USCIS lacked impartiality in the interview and its discretion was out of bounds. Plaintiffs request that the Court order the interview to be re-opened and to allow Gorsline to assist in the interview as Ramirez's lawful (common law) spouse.[45]

Because Plaintiffs' Amended Complaint challenges the USCIS's denial of Ramirez's Form I-485 adjustment application and the rationale behind the denial decision, the Court lacks jurisdiction. The United States Supreme Court's interpretation in *Patel* that § 1255(a)(2)(B)(i) "prohibits review of *any* judgment *regarding* the granting of relief under § 1255" is broad and jurisdictional-stripping.[46] In addition, although the *Patel* decision addressed § 1252(a)(2)(B)(i) in the removal context, numerous circuit courts of appeal have applied *Patel* to agency-adjustment decisions. Finally, even prior to the *Patel* decision, the Tenth Circuit concluded that § 1252(a)(2)(B)(i) bars judicial review of discretionary § 1255 adjustment of status decisions.

---

[44] *Id.* (citing § 1252(a)(2)(D)). There is a narrow exception for judicial review of constitutional claims or questions of law in 8 U.S.C. § 1252(a)(2)(D). However, "a final order of removal is a prerequisite to the application of § 1252(a)(2)(D)." *Hamilton v. Gonzales*, 485 F.3d 564, 566 (10th Cir. 2007); *see also Britkovyy*, 60 F.4th at 1028 (7th Cir. 2023) ("The plain text of § 1252(a)(2)(B)(i) precludes judicial review of the denial of [the plaintiff's] adjustment-of-status application, and § 1252(a)(2)(D) is inapplicable because [the plaintiff] has not received a final order of removal."). Thus, to the extent Plaintiffs attempt to bring any constitutional claims, § 1252(a)(2)(D) is not a viable option for Plaintiffs.

[45] In a later filing with the Court, entitled "Motion for an Order Directing a Visa," Plaintiffs request that the Court issue an Order directing that a Visa be processed. This request for relief is outside the Amended Complaint, and thus the Court need not consider it. *See Miami Tribe v. United States*, 2008 WL 4172244, at *1 (D. Kan. Sept. 5, 2008) (noting that when the equitable relief is quite different than the relief sought in the complaint, the Court cannot grant any of the relief sought).

[46] *Patel*, 596 U.S. at 338.

Thus, this Court is without jurisdiction to review the USCIS's denial of Ramirez's Form I-485 adjustment application, and the Court grants Defendant's Motion to Dismiss.[47]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Recusal (Doc. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 17) is **DENIED AS MOOT**, and Defendant's Motion to Dismiss (Doc. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Quash (Doc. 26) and Motion for Order (Doc. 30) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

The Court dismisses this case for lack of jurisdiction, and this case is closed.

Dated this 23rd day of April, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[47] Although the Court concludes that it lacks jurisdiction, it additionally notes that Gorsline lacks standing to bring these claims. Plaintiffs' Amended Complaint challenges the denial of *Ramirez's* I-485 adjustment application. Gorsline is not the applicant. "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 409 (2013). Gorsline does not allege any injury that is traceable to the USCIS's denial of Ramirez's I-485 adjustment application nor redressable by a favorable ruling. Thus, he does not have standing.